**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6896**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL OWEN HARRIOT, a/k/a Lanky, a/k/a Donovan Smith, a/k/a Richard Onyett, a/k/a Bernard Barber, a/k/a James D. Smith, a/k/a Michael Smith,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Margaret B. Seymour, Senior District Judge.  (3:99-cr-00341-MBS-3)

Submitted:  November 12, 2019                     Decided:  November 19, 2019

Before DIAZ and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Michael Owen Harriot, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Owen Harriot seeks to appeal the district court's orders denying his Fed. R. Civ. P. 60 motion and denying reconsideration. We dismiss the appeal.

Because Harriot sought reconsideration of the district court's previous order denying his 28 U.S.C. § 2255 (2012) motion, the district court's orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A COA will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find debatable or wrong the court's assessment of the constitutional claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Where the district court denies the motion on procedural grounds, the movant must demonstrate both that the court's dispositive procedural ruling is debatable or wrong and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Harriot has not made the requisite showing. Because the claims Harriot raised challenged the validity of his convictions, the motions should have been construed as successive § 2255 motions. *See United States v. McRae*, 793 F.3d 392, 397-40 (4th Cir. 2015). In the absence of prefiling authorization from this court, the district court lacked jurisdiction to consider a successive § 2255 motion. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h) (2012).

2

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*